# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CASE NO: 5:25-cv-00605

| | |
|---|---|
| **UNITED STATES FOR THE USE AND BENEFIT OF ADVANCE CONCRETE, LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**AMERESCO, INC., WESTERN SURETY COMPANY, LIBERTY MUTUAL INSURANCE COMPANY.**<br><br>**Defendants.** | **COMPLAINT** |

**NOW COMES** the Plaintiff, Advance Concrete, LLC, by and through undersigned counsel, and alleges as follows:

1. Advance Concrete, LLC ("Advance") is a North Carolina limited liability company with its principal place of business in Garner, Wake County, North Carolina.

2. Ameresco, Inc. ("Ameresco") is a Delaware limited liability company, is authorized to do business in North Carolina, and has its registered office address in Raleigh, Wake County, North Carolina.

3. Upon information and belief, Western Surety Company ("Western") is a foreign surety company domiciled in the State of South Dakota and at all times mentioned herein authorized to do business in North Carolina and licensed to issue payment bonds in North Carolina.

4. Western may be served at 151 N. Franklin Street, Chicago, Illinois 60606 or by serving the North Carolina Commissioner of Insurance, as Registered Agent.

5. Upon information and belief, Liberty Mutual Insurance Company ("Liberty") is a foreign surety company domiciled in the Commonwealth of Massachusetts and at all times

mentioned herein authorized to do business in North Carolina and licensed to issue payment bonds in North Carolina.

6. Liberty may be served at 175 Berkely Street, Boston, Massachusetts 02116 or by serving the North Carolina Commissioner of Insurance, as Registered Agent.

7. Advance is a citizen of North Carolina, and the Defendants are foreign citizens of Delaware, South Dakota, and Massachusetts, respectively.

8. There is "complete diversity" of citizenship between Advance and the Defendants named in this Complaint because Advance does not have the same citizenship as any of the Defendants.

9. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.

10. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction because this action arises out of and implicates federal laws of the United States, include the Federal Acquisition Regulation (the "FAR") and the Miller Act, 40 U.S.C. §§ 3131-3134.

11. Western and Liberty are sureties on the Payment Bond, which is subject to the Miller Act.

12. Pursuant to F.R.C.P. Rule 19, this Court cannot accord complete relief among existing and interested parties without joining Western and Liberty and, therefore, Western and Liberty are "Required Parties" to this Complaint.

## GENERAL ALLEGATIONS

13. Advance repeats and incorporates by reference Paragraphs 1 through 13 above, as if fully set forth herein.

14. Advance repeats and incorporates by reference Paragraphs 1 through 13 above, as if fully set forth herein.

15. On or around July 6, 2021, Advance entered into a contract with Ameresco (Contract No. N6247020F5599) (the "Concrete Contract"), which Advance agreed to perform certain concrete work for Building 1016 at Marine Corps Air Station Cherry Point (the "Project") in North Carolina for the Department of the Navy (the "Navy").

16. On August 4, 2020, Ameresco, as Principal, and Western and Liberty, as Sureties, executed a payment bond, securing payment for all labor, equipment, materials services, and supplies furnished to the Project (the "Payment Bond").

17. A true and accurate copy of the Payment Bond is attached hereto as **Exhibit A**.

18. Pursuant to the Payment Bond, Ameresco, Western, and Liberty are jointly and severally bound for the purpose of allowing a joint action against any or all of them under the Payment Bond.

19. A portion of Advance's work included construction of the structural concrete for the South Loading Dock.

20. Advance completed its scope of work for the South Loading Dock pursuant to the plans and directives provided by Ameresco.

21. Specifically, Ameresco directed Advance to deviate from the design and project specifications by, including but not limited to, omitting the vapor retarder under the concrete slab, omitting the fine granular material from the scope of the design, and deviations from the specifications applicable to reinforced concrete joints.

22. The modifications to the design and project specifications directed by Ameresco - and confirmed by inspections performed by Ameresco - increased the probability of out-of-joint cracking of the concrete slab.

23. On or around October 2022, Advance received written notice from Ameresco to remove and replace the South Loading Dock slab due to out-of-joint cracking of the concrete slab.

24. Further, Advance asserted that any cracking was within the tolerance allowed or should have been allowed pursuant to the contract between Ameresco and the Department of the Navy and the Department of the Navy's specifications.

25. Moreover, a third-party engineer (RPA) hired by Advance reviewed the out-of-joint cracking in the South Loading Dock and determined that removal of the concrete slab was not necessary.

26. Advance provided a copy of the RPA report to Ameresco.

27. On or around November 1, 2022, Advance disputed in writing the need to remove the South Loading Dock.

28. The rejected and replacement concrete slabs were placed using different Project Specifications.

29. The requirements that Ameresco modified for the rejected concrete slab were revoked and the replacement concrete slab was placed in accordance with Requests for Information to clarify the original Project Specifications.

30. Prior to performing the additional work, Advance proposed to saw cut the concrete around the steel columns to leave them in place.

31. Ameresco rejected Advance's proposal and directed the steel subcontractor, Industrial Turnaround Corporation dba ITAC to remove and replace the steel columns anchored to the South Loading Dock concrete.

32. Ameresco's directive to remove and replace the South Loading Dock was additional work.

33. As result of Ameresco's directives to deviate from the design plans and Project Specifications and Ameresco's inability to support its own position with NAVFAC, The additional work caused Advance to incur substantial damages for removing and replacing the South Loading Dock concrete slab as a result of Ameresco's directive.

34. Ameresco has withheld payments owed to Advance in the amount of at least $402,200.17 ("Initial Withholding").

35. Ameresco continues to withhold payments to Advance over and above the Initial Withholding up an amount of at least $489,332.80 ("Continued Withholding").

36. Ameresco has failed and refused to pay Advance for the additional work and withheld amounts owed to Advance under the Concrete Contract despite Advance's demands for payment and good faith efforts to collect the due amounts.

37. Specifically, Advance has incurred damages at least in the amount of $561,121.43 for the additional work.

38. Advance has incurred damages at least in the amount of $402,200.17 for the Initial Withholding.

39. Advance will incur future damages as a result of the Continued Withholding in an amount in excess of $75,000.00 for work to be performed in the course of the contract.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Ameresco)**

40. Advance repeats and incorporates by reference Paragraphs 1 through 30 above, as if fully set forth herein.

41. Advance repeats and incorporates by reference Paragraphs 1 through 30 above, as if fully set forth herein.

42. Advance and Ameresco entered into a valid written contract.

43. Advance performed the work required by the Concrete Contract, specifically construction of the South Loading Dock, in accordance with the plans, specifications, and Ameresco's directives.

44. Due to the cracking being within tolerance and a third-party engineer stating that removal and replacement was not necessary, Ameresco's directive to remove and replace the South Loading Dock was additional work.

45. The additional work caused Advance to incur substantial damages for removing and replacing the South Loading Dock concrete slab as a result of Ameresco's directive.

46. Advance has demanded Ameresco for amounts due for the additional work.

47. Ameresco has withheld payments owed to Advance in the amount of at least $402,200.17 ("Initial Withholding").

48. Ameresco continues to withhold payments to Advance over and above the Initial Withholding. ("Continued Withholding").

49. Ameresco has failed and refused to pay Advance for the additional work and withheld amounts owed to Advance under the Concrete Contract despite Advance's demands for payment and good faith efforts to collect the due amounts.

50. Specifically, Advance has incurred damages at least in the amount of $561,121.43 for the additional work.

51. Advance has incurred damages at least in the amount of $402,200.17 for the Initial Withholding.

52. Advance will incur future damages at least in an amount in excess of $75,000.00, in an amount to be proven at trial, as a result of the Continued Withholding.

53. Ameresco has failed to pay for the amounts due for the additional work, resulting in a material breach of the Concrete Contract with Advance.

54. As a direct and proximate cause of Ameresco's material breach, Advance has been damaged in the amount of at least $963,321.60 plus an amount in excess of $75,000 for the Continued Withholding, in an amount to be proven at trial; interest at the highest amount by law from the date of breach; plus, court costs and attorney fees as allowed by any applicable statutes or the equitable power of the Court.

## SECOND CLAIM FOR RELIEF
**(Alternative Claim in Implied Contract/*Quantum Meruit*)**

55. Advance repeats and incorporates by reference Paragraphs 1 through 37 above, as if fully set forth herein.

56. This cause of action is pled in the alternative to Advance's First Claim for Relief.

57. Advance provided labor, equipment, materials, and supplies to improve the Project for the use and benefit of Ameresco.

58. Advance provided labor, equipment, materials, and supplies reasonably expecting to be paid therefor, and Ameresco has voluntarily and knowingly accepted the benefits of those services with the knowledge at that Advance expected payment for the services.

59. Such a contract may be implied at law based on the conduct of the parties or implied in equity in order to prevent unjust enrichment.

60. Despite having made demand on Ameresco for payment for the labor, equipment, materials, and supplies it provided Ameresco has not paid Advance.

61. Such nonpayment is a breach of the implied contract between Advance and Ameresco.

62. In the alternative, to the extent that Ameresco has been paid for any or all of the services furnished by Advance, and Ameresco has not paid for the labor, equipment, materials, or

supplies, Ameresco thereupon became unjustly enriched, and Advance does not have an adequate remedy at law.

63. Advance entitled to recover in Implied/*Quantum Meruit* from Ameresco for the reasonable value of the labor, equipment, materials, and supplies furnished by Advance to improve the Project.

64. The measure of damages under a contract implied at law is the reasonable value of the labor, equipment, materials, and supplies accepted by Ameresco, in the principal amount of at least Five Hundred Sixty-One Thousand One Hundred Twenty-One and 43/00 Dollars ($561,121.43), in an amount to be proven at trial; interest at the highest amount by law from the date of breach; plus, court costs and attorney fees as allowed by any applicable statutes or the equitable power of the Court.

### THIRD CLAIM FOR RELIEF
(Miller Act)

65. Advance repeats and incorporates by reference Paragraphs 1 through 47 above, as if fully set forth herein.

66. Under TITLE 40, PUBLIC BUILDINGS, PROPERTY, AND WORKS, § 3133. "Rights of persons furnishing labor or material," Section (b) "Right to bring a civil action," Subsection (1) "In general," the Miller Act Statute states: "Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due."

67. On August 4, 2020, pursuant to the provisions of the Miller Act, Ameresco, as principal, and Western and Liberty, as Sureties, bound themselves, jointly and severally, and executed a Payment Bond in the sum of Twenty-Four Million Nine Hundred Nineteen Thousand One Hundred Fifty-Four and 00/00 Dollars ($24,919,154.00) to assure payment to Ameresco for all labor, equipment, materials, and supplies in the prosecution of the Concrete Contract and any and all modifications thereof.

68. Ameresco contracted with Advance to furnish certain services for the Project in exchange for payment.

69. The Payment Bond inures to Advance's benefit.

70. On July 25, 2025, Advance last furnished labor, equipment, materials, services, or supplies to the Project.

71. On or about October 25, 2025, more than ninety (90) days will have expired from the last date upon which Advance furnished labor, equipment, materials, or supplies to the Project.

72. Less than one (1) year has expired from the last date upon which Advance furnished labor, equipment, materials, or supplies to the Project.

73. Advance has fully performed all obligations according to the terms established by the Concrete Contract as well as the Payment Bond.

74. Advance has conformed and complied with all the conditions required of it under the aforesaid Payment Bond and Miller Act.

75. As Advance had a direct contractual relationship with Ameresco through the Concrete Contract, Advance had no obligation to provide the Sureties with a 90-day preliminary notice pursuant to 40 U.S.C § 3133(b)(2).

76. Ameresco and the Sureties have failed to perform their obligations under the Concrete Contract and the Payment Bond, for, among other things, failing to pay Advance amounts duly owed.

77. Under TITLE 40. PUBLIC BUILDINGS, PROPERTY, AND WORKS § 3133. "Rights of persons furnishing labor or material," (4) "Period in which action must be brought," the Miller Act Statute states: "An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."

78. Advance last furnished labor, equipment, materials, or supplies to the Project within one year preceding the date that Advance filed this Complaint.

79. As result Ameresco and the Sureties' failure and refusal to pay Advance for work duly performed for the benefit of Ameresco, Advance has been damaged in the amount of at least Five Hundred Sixty-One Thousand One Hundred Twenty-One and 43/00 Dollars ($561,121.43), in an amount to be proven at trial; interest at the highest amount by law from the date of breach; plus, court costs and attorney fees as allowed by any applicable statutes or the equitable power of the Court.

**WHEREFORE**, in the United States of America for the use and benefit of Advance Concrete, L.L.C., Advance prays for judgment as follows:

1. Advance have and recover from Ameresco under its First Claim for Relief in an amount of at least $963,321.60 plus an amount in excess of $75,000 for the Continued Withholding in an amount to be proven at trial; interest at the highest amount allowed by law from the date of breach, plus court costs and attorney fees as allowed by the contract or any applicable statute or the equitable power of the Court;

2. In the alternative, Advance have and recover from Ameresco those damages alleged in its Second Claim for Relief for breach of implied contract in the principal amount of at least $561,121.43, in an amount to be proven at trial, for the labor, equipment, materials, and supplies furnished; interest at the highest amount allowed by law; plus court costs and attorney fees as allowed by any applicable statutes or the equitable power of the court;

3. Advance have and recover from Ameresco, Western, or Liberty those damages alleged in its Third Claim for Relief for breach of the Miller Act in the principal amount of at least $963,321.60 plus an amount in excess of $75,000 for the Continued Withholding, in an amount to be proven at trial, for the labor, materials, equipment, and supplies furnished; interest at the highest amount allowed by law; plus court costs and attorney fees as allowed by any applicable statutes or the equitable power of the court;

4. That the costs of this action be taxed against the Defendants;

5. For trial by jury; and

6. For such other relief that this Court deems just and proper.

This the 23rd day of September, 2025.

        **SAFRAN LAW OFFICES**

        /s/ Stephen P. Safran
        Stephen P. Safran, NCSB # 38475
        120 South Boylan Avenue (27603)
        Post Office Box 587
        Raleigh, North Carolina 27602-0587
        Phone: (919) 828-1396
        Facsimile: (919) 828-7993
        *Attorneys for Advance Concrete, L.L.C.*